Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-225-CV

MANUFACTURERS AUTO APPELLANT

LEASING, INC.

V.

AUTOFLEX LEASING, INC. APPELLEE

------------

FROM THE 96
th
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  I
NTRODUCTION

Autoflex Leasing, Inc. (“Autoflex”) sued Manufacturers Auto Leasing, Inc.  (“MAL”)  under the Telephone Consumer Protection Act (“TCPA”), 47 U.S.C.A. § 227 (West 2001).  The trial court granted Autoflex’s partial motion for summary judgment and, after a trial, awarded Autoflex damages
.  We affirm.

II.  F
ACTUAL
 
AND
 P
ROCEDURAL
 B
ACKGROUND

On July 7, 2000, Autoflex, which is a auto leasing business, filed suit against three of its competitors, including MAL, seeking damages and an injunction under the TCPA
(footnote: 1) in state court after they allegedly transmitted numerous unsolicited facsimile advertisements (“fax ads”) to Autoflex.  All of the unsolicited fax ads at issue were sent after September 1, 1999, when the Texas Legislature authorized a private right to action in state court under the TCPA.
  
See 
Tex. Bus. & Com. Code Ann.
 § 35.47(f) (Vernon 2004);
  Autoflex Leasing
, 
Inc. v. Mfrs. Auto Leasing, Inc.
, 16 S.W.3d 815, 817 (Tex. App.—Fort Worth 2000, pet. denied) (holding that Autoflex had no claim under the TCPA where
 the faxes at issue were sent prior to August 1998, because it was necessary for the Texas Legislature to enable TCPA claims). After the other defendants settled, only MAL remained.
 

Autoflex filed a motion for partial summary judgment on the merits and the automatic liquidated compensatory damages available under the TCPA.  MAL filed a cross-motion for summary judgment based on two theories: (1) Autoflex failed to mitigate its damages; and (2) the TCPA only applies to interstate fax ads.  The trial court denied MAL’s motion and granted Autoflex’s motion “in all things.”  The sole matter deferred from the summary judgment motion was whether MAL had “willfully or knowingly” violated the TCPA.  After a trial on that issue, the court found that “[MAL] willfully or knowingly violated the TCPA.”

III. TCPA’s A
PPLICATION 
TO
 I
NTRASTATE
 F
AX
 A
DS
 

In its first and second issues, MAL complains that the trial court erred in granting Autoflex’s motion for partial summary judgment and denying MAL’s cross-motion because the fax ads were sent intrastate and were thereby governed by section 35.47 of the Texas Business and Commerce Code and not the TCPA. 
 
When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence and determine all questions presented.  
Dow Chem. Co. v. Bright
, 89 S.W.3d 602, 605 (Tex. 2002).  The reviewing court should render the judgment that the trial court should have rendered.  
Id
.

T
he TCPA makes it “unlawful for any person within the United States to use any telephone facsimile machine, computer, or any other device to send an unsolicited advertisement to a telephone facsimile machine.”  47 U.S.C.A. §§ 227(b) & (b)(1)(C).  Texas courts that have already directly addressed this issue have held that the TCPA covers unsolicited intrastate fax ads. 
 
See The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.
, No. 14-00-00711-CV, 2004 WL 162938, *14 (Tex. App.—Houston [14
th
 Dist.] Jan. 29, 2004, no pet. h.) (stating, “the [TCPA’s] language relevant to [intrastate faxes] is unambiguous.  Therefore, we hold that the TCPA applies to both interstate and intrastate facsimile advertisements”); 
Omnibus Int’l, Inc. v. AT&T, Inc.
, 111 S.W.3d 818, 821 (Tex. App.—Dallas 2003, pet. granted, judgm’t vacated w.r.m.) (stating, “federal principles of statutory construction dictate that the TCPA applies to intrastate calls because the plain language, legislative history, and the Federal Communication Commission’s interpretation support such a finding”); 
see also State v. Am. Blastfax, Inc
., 121 F. Supp. 2d 1085, 1087 (W.D. Tex. 2000) (agreeing with plaintiff that TCPA’s plain language and legislative history show that statute applies to both interstate and intrastate faxes); 
State v. Am. Blastfax, Inc.
, 159 F. Supp. 2d 936, 938 (W.D. Tex. 2001) (holding same).
 
 It is clear from the summary judgment evidence presented by both parties that MAL violated the TCPA 85 times by sending Autoflex 85 unsolicited fax ads. Accordingly, we overrule MAL’s first and second issues. 

IV.  “W
ILLFULLY
 OR 
K
NOWINGLY
”

In its third issue, MAL complains the trial court erred in finding that it acted “willfully 
and
 knowingly”
(footnote: 2) and in assessing enhanced damages against MAL because the finding was an erroneous legal conclusion that is contrary to established legal definitions and is against the great weight and preponderance of the credible evidence.
(footnote: 3)  Specifically, MAL argues that (1) the trial court applied that wrong standard in awarding enhanced damages and (2) the evidence in the record does not support the enhanced damages award.

A.  Proper Standard
 
for Enhanced Damages

Regarding enhanced damages, the TCPA provides as follows:

[i]f the court finds that the defendant 
willfully or knowingly 
violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C.A § 277(b)(3) (emphasis supplied).  In its judgment and findings of fact and conclusions of law, the trial court found that MAL willfully or knowingly violated the TCPA.  MAL asserts, however, that the correct standard to be applied is the “knowingly” or “intentionally” standard found in section 35.47(f) of the Texas Business and Commerce Code. 
See 
Tex. Bus. & Com. Code Ann.
 § 35.47(f).  Additionally, MAL asks that we construe these undefined terms in its favor by looking to Texas consumer protection law.

MAL cites no authority, however, that directs us to ignore the language of the TCPA and instead apply the standard in section 35.47(f).  Moreover, questions of the substantive rights of parties under the TCPA are matters of federal law.  
See The Chair King
, No. 14-00-00711-CV, 2004 WL 162938, *19 (stating, “as to the TCPA claims, this case involves a “reverse-
Erie
” situation, in which the substantive law is federal and the procedural law is that of Texas”).  The [FCC] has interpreted “willful or knowing” under the Telecommunications Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute.  
State v. Am. Blastfax, Inc.
, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001).  Therefore, the TCPA is willfully or knowingly violated when the defendant knows of the TCPA’s prohibitions, knows he does not have permission to send a fax ad to the plaintiff, and sends it anyway.  We now turn to determine whether the record supports the trial court’s finding that MAL acted willfully or knowingly.

B.  Support in Record for Enhanced Damages

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer.  
Ortiz v. Jones,
 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel,
 881 S.W.2d 295, 297 (Tex. 1994).

An assertion that the evidence is “insufficient” to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination.  
Mar. Overseas Corp. v. Ellis,
 971 S.W.2d 402, 406-07 (Tex. 1998)
, cert. denied, 
525 U.S. 1017 (1998).

Here, the evidence shows MAL’s President, Raymond Stafin, was well-aware of the TCPA when his company sent unsolicited intrastate fax ads to Autoflex.  First, all of the unsolicited fax ads at issue were sent after Autoflex’s President, Andy Adams, called Stafin, warning Stafin that his company’s unsolicited fax ads were being sent in violation of the TCPA.  Second, Stafin contends that despite his awareness of the TCPA’s prohibitions and the trial court’s ruling that MAL’s fax ads were unlawful, his company continued to send unsolicited fax ads pursuant to the advice of counsel.  Moreover, the evidence also showed that no one at MAL, or anyone else to Stafin’s knowledge, ever contacted Autoflex to obtain prior express permission to send a fax ad.  Stafin also admitted that all 85 fax ads sent were advertisements approved by his company.

 Based on the evidence presented, we conclude 
the evidence supporting the finding is not so weak or the evidence to the contrary so overwhelming that the trial court’s finding should be set aside and a new trial ordered.  
See 
Garza
, 395 S.W.2d at 823.
  We overrule MAL’s third issue.

V.  M
ITIGATION
 
OF
 D
AMAGES

In its four, fifth, and sixth issues, MAL argues that the trial court erred in awarding Autoflex damages and enhanced damages since the awards were against the great weight and preponderance of the evidence, which showed Autoflex failed to mitigate its damages by “collecting” the fax ads instead of following the statutory method for stopping them provided in section 35.47(d) and on the FCC website.  MAL, however, fails to cite any persuasive authority to support its assertion that a plaintiff in a TCPA case has a duty to ask the violator to stop transmitting unsolicited fax ads, and it ignores prior FCC rulings holding just the opposite.
(footnote: 4)
 In a March 2000 Enforcement Action Letter, the FCC stated:

Some of the unsolicited facsimile advertisements provide consumers with telephone numbers to call to express their desire not to participate in any future polls and/or to be removed from the entities’ distribution list(s).  Faxing even one advertisement, however, constitutes a violation of the TCPA and the Commission’s Rules if the sender does not have an established business relationship with the recipient and/or the recipient’s prior express consent to receive the fax advertisement.  
Accordingly, recipients of unsolicted facsimile advertisements are not required to ask that senders stop transmitting such materials. 
 

Fed. Comm. Comm’n., 
In re 21
st
 Century Fax(es), Ltd.
, Enforcement Action Letter, Case No. EB-00-TC-001 (March 8, 2000); 
See Legend Airlines, Inc. v. City of Fort Worth
, 23 S.W.3d 83, 95 (Tex. App.—Fort Worth 2000, pet. denied) (holding that under a clear mandate from the United States Supreme Court, the court must give controlling weight to an agency interpretation of a federal statute that it administers).  Because Autoflex had no duty to contact MAL and ask them to stop violating the TCPA, we conclude that the trial court’s award of damages and enhanced damaged is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.  
See Gooch
, 902 S.W.2d at 184.  We overrule MAL’s four, fifth, and sixth points. 

VI.  P
RE
-J
UDGMENT
 I
NTEREST
 

In its seventh issue, MAL claims that the trial court erred in awarding Autoflex prejudgment interest.  A trial court’s award of prejudgment interest is reviewed under an abuse of discretion standard.  
Protective Life Ins. Co v. Russell
, 119 S.W.3d 274, 288 (Tex. App.—Tyler 2003, pet. denied). 
 The two legal sources for a prejudgment interest award are (1) general principles of equity and (2) an enabling statute. 
 Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.
, 962 S.W.2d 507, 528 (Tex. 1998).  
The enabling statute, section 304.104
 of the Texas Finance Code, applies to wrongful death, personal injury, and property damage cases.  
See 
T
EX
. F
IN
. C
ODE
 A
NN
. § 304.101 (Vernon 1998).
  Property damage cases involve actual damage of tangible property, not mere economic loss or loss of economic opportunity.  
See Assoc. Tel. Directory Publishers, Inc. v. Five D’s Publ’g Co
., 849 S.W.2d 894, 900 (Tex. App.—Austin 1993, no writ.).  Here, the evidence admitted at trial demonstrates that Autoflex’s property was damaged when MAL sent 85 unauthorized fax ads, which used up Autoflex’s paper, toner and cartridges. 
 We overrule MAL’s seventh issue.

VII.  I
NDEPENDENT
 C
ONTRACTOR
 D
EFENSE
 

In its eighth issue, MAL argues that the trial court committed fundamental error in granting Autoflex partial summary judgment and awarding it damages since the undisputed evidence showed that the faxes were sent by MAL’s independent contractor, American Blastfax.  MAL did not raise this complaint in the trial court, nor does it cite any legal authority for its position that this ruling was fundamental error.  
See 
Tex. R. App. P.
 33.1, 38.1(h); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284 (Tex. 1994).  Therefore, it is waived.  We overrule MAL’s eighth point.  

VIII. C
ONCLUSION 

Having overruled all of MAL’s issues on appeal, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED: May 6, 2004

FOOTNOTES
1:
The TCPA authorizes a private right of action for anyone who receives an unsolicited facsimile advertisement and permits recovery of $500 for each violation of the Act, plus injunctive relief.  47 U.S.C.A. § 227(b)(3).
 The pertinent part of the TCPA provides as follows:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

Id
.
  The TCPA also provides treble damages for willing or knowing violations of the TCPA. 
 Id
.

2:
The trial court actually found that MAL acted “willfully 
or 
knowingly.”

3:
“Against the great weight and preponderance of the evidence” is the standard used when the party 
with
 the burden of proof, here Autoflex not MAL, challenges the factual sufficiency of the evidence to support the fact finder’s “failure to find.”  
See Gooch v. Am. Sling Co.,
 902 S.W.2d 181, 184 (Tex. App.—Fort Worth 1995, no writ.).
  
When the party 
without
 the burden of proof on a fact issue complains of the adverse fact finding, that party should phrase the issue or point as being one of “insufficient evidence” to support the finding. 
Croucher v. Croucher
, 660 S.W.2d 55, 58 (Tex. 1983).
  
Nonetheless, because the Texas Supreme Court’s practice is to liberally construe the issues or points contained in appellate briefs, an inappropriately phrased point should be construed as raising a challenge to the factual sufficiency of the evidence where the error is “readily apparent from the argument briefed.” 
 Pool
 
v. Ford Motor Co.
, 715 S.W.2d 629, 633 (Tex. 1986); 
see
 T
EX
. R. A
PP
. P. 38.1(e); 
see also, e.g., Muhlbauer v. Muhlbauer
, 686 S.W.2d 366, 368 (Tex. App.—Fort Worth 1985, no writ). Therefore, we shall apply the correct standard below. 

4:
First, MAL asks us to ignore the FCC interpretation of the TCPA and instead apply the standard in section 35.47(f).  As we have previously noted, questions of the substantive rights under the TCPA, like whether someone must ask the sender to stop transmitting unsolicited fax ads,
 are matters of federal law.  
Second, MAL cites the FCC website publication “What You Can Do About Unsolicited Telephone Marketing Calls and Faxes,” which provides a section for consumers to take notes about unsolicited fax ads that reads:  “Date I asked the sender to stop sending unsolicited advertisements to my fax machine ____.”  We decline 
MAL’s invitation to construe this sentence as requiring a recipient of an unsolicited fax ad to ask a TCPA violator to stop.