THE STATE EX REL. CHARVAT, APPELLEE, *v.* FRYE, JUDGE, APPELLANT, ET AL.

[Cite as *State ex rel. Charvat v. Frye,* 114
Ohio St.3d 76, 2007-Ohio-2882.]

(No. 2006–2275—Submitted May 23, 2007—Decided June 27, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of procedendo to compel a common pleas court judge to proceed in a civil case. Because the judge erroneously stayed the case, we affirm the judgment of the court of appeals.

{¶ 2} Appellee, Philip J. Charvat, resides with his family at their home in Westerville, Ohio. In 2004, Charvat received telemarketing calls for satellite transmission services that were made on behalf of Dish TV Now, Inc. ("Dish TV") and Echostar Satellite, L.L.C. ("Echostar"). According to Charvat, each of these telephone calls began with a prerecorded message, and no one in his family had given the callers express permission to place the calls.

{¶ 3} In 2004, Charvat filed a complaint in the Franklin County Court of Common Pleas against Dish TV and other entities. The case was assigned to appellant, Judge Richard A. Frye, of the common pleas court. In his second amended complaint, Charvat sought money damages, a declaratory judgment, and injunctive relief against Dish TV and Echostar for alleged violations of the Telephone Consumer Protection Act of 1991, Section 227, Title 47, U.S.Code, the

Ohio Consumer Sales Practices Act, R.C. Chapter 1345, and administrative rules adopted pursuant to those laws for the nine telemarketing calls made on behalf of Dish TV and Echostar to the Charvat home in 2004. Charvat set forth 66 counts in the second amended complaint. In December 2005, Judge Frye denied Charvat's motion for partial summary judgment and dismissed Charvat's 66th cause of action.

{¶ 4} On December 16, 2005, Judge Frye issued a journal entry ordering Charvat to show cause why the case should not be stayed until Charvat submits an affidavit attesting that he has registered his telephone numbers on the national do-not-call registry.

{¶ 5} Charvat submitted a timely response to Judge Frye's show-cause order in which he specified by affidavit that (1) he had not registered either of his home telephone numbers with the national do-not-call registry, (2) he did not intend to register his telephone numbers on the national do-not-call registry in the future, and (3) he did not oppose all forms of telemarketing; e.g., he welcomed telemarketing calls concerning life insurance, school products, and market research.

{¶ 6} On December 28, 2005, Judge Frye stayed the case and removed it from the active docket. Judge Frye noted that the case would be returned to the court's active docket if Charvat registered his home telephone numbers on the national do-not-call list.

{¶ 7} Shortly thereafter, Charvat filed a petition in the Court of Appeals for Franklin County for a writ of procedendo to compel Judge Frye "to proceed to schedule and preside over a jury trial" in the civil case. The court of appeals granted the writ.

{¶ 8} In his appeal as of right, Judge Frye asserts that the court of appeals erred in granting the writ of procedendo.

## Motion to Dismiss

{¶ 9} Before addressing the merits of Judge Frye's appeal, we briefly consider Charvat's motion to dismiss this appeal.

{¶ 10} Charvat asserts that Judge Frye's proposition of law does not comply with S.Ct.Prac.R. VI(2)(B)(4), which requires that an appellant's merit brief contain "[a]n argument, headed by the proposition of law that appellant contends is applicable to the facts of the case and that could serve as a syllabus for the case if appellant prevails. See *Drake v. Bucher* (1966), 5 Ohio St.2d 37, at 39 [34 O.O.2d 53, 213 N.E.2d 182]. If several propositions of law are presented, the argument shall be divided with each proposition set forth as a subheading."

{¶ 11} Judge Frye's proposition arguably fails to contain the facts that he alleges compel the conclusion that the court of appeals erred in determining that

he abused his discretion in staying the underlying case. Nevertheless, the judge's brief includes headings and subheadings to his proposition of law that presented the legal issues in this case in a sufficient, concise manner. See *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 23 (relator's failure to designate propositions of law in her merit brief did not warrant dismissal of the case, because she included argument in headings that served the purpose of presenting the legal issues in a sufficient, concise manner that did not substantially disregard S.Ct.Prac.R. VI(2)(B)(4)).

{¶ 12} Therefore, we deny Charvat's motion to dismiss this appeal, because Judge Frye sufficiently complied with S.Ct.Prac.R. VI(2)(B)(4).

## Procedendo: General Requirements

{¶ 13} To be entitled to the requested writ of procedendo, Charvat was required to establish (1) a clear legal right to have Judge Frye proceed to the merits and try Charvat's civil case and (2) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 531–532, 705 N.E.2d 1227. Judge Frye does not contend that Charvat has an adequate remedy in the ordinary course of law to challenge the indefinite stay of the civil case, so the dispositive issue is whether Charvat established the remaining requirement for the writ.

{¶ 14} We have held that " '[a] writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' " *State ex rel. CNG Financial Corp. v. Nadel,* 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 20, quoting *Weiss,* 84 Ohio St.3d at 532, 705 N.E.2d 1227. A lower court's refusal or failure to timely resolve a pending case is the error that procedendo was created to rectify. See, e.g., *State ex rel. Rodak v. Betleski,* 104 Ohio St.3d 345, 2004-Ohio-6567, 819 N.E.2d 703, ¶ 16.

{¶ 15} More pertinently, the requirements for a writ of procedendo are met if a judge erroneously stays a proceeding. *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079 ("a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding").

{¶ 16} "The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion." *State ex rel. Verhovec v. Mascio* (1998), 81 Ohio St.3d 334, 336, 691 N.E.2d 282. A court abuses its discretion, however, when it acts in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Worrell v. Ohio Police & Fire Pension Fund,* 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10.

### Erroneous Stay of Civil Case

{¶ 17} Judge Frye stayed Charvat's civil case, which alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Ohio Consumer Sales Practices Act ("CSPA"), unless and until Charvat registers his home telephone numbers on the national do-not-call list. For the following reasons, Judge Frye abused his discretion by doing so.

{¶ 18} We have already observed that "[i]n response to the burgeoning use of telephone solicitations to market goods and services in the United States, and the concomitant frustration of the American public, Congress passed the TCPA in 1991." *Charvat v. Dispatch Consumer Servs., Inc.*, 95 Ohio St.3d 505, 2002-Ohio-2838, 769 N.E.2d 829, ¶ 18. The TCPA "places restrictions on using automatic dialers and prerecorded messages for telemarketing; it also prohibits sending advertisements by fax." Annotation, Validity, Construction and Application of Telephone Consumer Protection Act (47 U.S.C.A. § 227) (1996), 132 A.L.R.Fed. 625, 1996 WL 593629. More pertinently to Charvat's claims in his underlying civil case, the TCPA generally prohibits telemarketers from initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." Section 227(b)(1)(B), Title 47, U.S.Code. The TCPA also authorized the Federal Communications Commission ("FCC") to establish a national do-not-call list. Section 227(c)(3), Title 47, U.S.Code.

{¶ 19} In 2003, the FCC and the Federal Trade Commission ("FTC") adopted rules that created the national do-not-call registry. See Section 64.1200(c)(2), Title 47, C.F.R., and Section 310.4(b)(1)(iii)(B), Title 16, C.F.R. "The national do-not-call registry is a list containing the personal telephone numbers of telephone subscribers who have voluntarily indicated that they do not wish to receive unsolicited calls from commercial telemarketers." *Mainstream Marketing Servs., Inc. v. Federal Trade Comm.* (C.A.10, 2004), 358 F.3d 1228, 1234. "Before the 2003 amendments, both the FCC and the FTC had only a company specific do-not-call regulation, meaning that it was up to the consumer to request each individual telemarketer not to call them again." Pridgen, Consumer Protection and the Law (2006), Section 12:51.

{¶ 20} As specified by the FCC in adopting the do-not-call registry, the commission provided consumers with several options to control telemarketing calls:

{¶ 21} "A national do-not-call registry that is supplemented by the amend-ments made to our existing rules will provide consumers with a variety of options for managing telemarketing calls. Consumers may now: (1) place their number on the national do-not-call list; (2) continue to make do-not-call requests of individual companies on a case-by-case basis; and/or (3) register on the national

list, but provide specific companies with express permission to call them." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991* (2003), 18 F.C.C.R. 14014, 2003 WL 21517853, ¶ 26. Consumers have "the opportunity to determine for themselves whether or not they wish to receive telephone solicitation calls in their homes." Id. at ¶ 29.

{¶ 22} As the court of appeals observed, nothing in either the TCPA or the rules adopted thereunder by the FCC requires a consumer to register telephone numbers on the national do-not-call list as a condition of maintaining a private cause of action for violation of the TCPA. Nor does Judge Frye cite any specific case so holding. Instead, Judge Frye asserts that the stay is supported by his right to manage the court docket and by public policy because the stay will be lifted when Charvat registers his home telephone numbers on the do-not-call list, thus preventing future lawsuits alleging harm caused by the telemarketers' noncompliance with the TCPA.

{¶ 23} To be sure, trial courts have inherent power to manage their own dockets. See, e.g., *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 18. Nonetheless, this precedent does not authorize courts to create conditions in legislative enactments that do not exist. *Ewing v. California* (2003), 538 U.S. 11, 27, 123 S.Ct. 1179, 155 L.Ed.2d 108. Nor may we add or delete words in construing a statute. *State ex rel. Russo v. McDonnell*, 110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145, ¶ 50.

{¶ 24} Congress and the FCC have already resolved the pertinent policy issues by giving consumers the option of registering their telephone numbers on the national do-not-call registry. Registration is not a prerequisite to a consumer's maintaining an action for violations of the TCPA, and Judge Frye erred in making it one.

{¶ 25} Although Judge Frye has also noted that Charvat has filed numerous lawsuits under the TCPA in recent years, there is no evidence that any of these cases have been frivolous. In fact, the evidence establishes that Charvat has been successful in all but one of nearly 60 lawsuits filed in the Franklin County Municipal and Common Pleas Courts. Judge Frye lacked any authority to prevent Charvat from proceeding with his claims based upon his judicially created condition that Charvat register his telephone numbers.

{¶ 26} Finally, notwithstanding Judge Frye's argument to the contrary, his reliance on the common-law principle of volenti non fit injuria (a person is not wronged by that to which he consents) and that an injured party must mitigate his damages is misplaced. There is no duty to mitigate in TCPA cases. See, e.g., *Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.* (Tex.App.2004), 139 S.W.3d 342, 347–348 (defendant in TCPA case did not have duty to mitigate

its damages by using statutory method to request defendant to stop transmitting unsolicited facsimile ads instead of simply collecting the ads and suing).

## Conclusion

{¶ 27} Based on the foregoing, Judge Frye abused his discretion by judicially creating a registration prerequisite and staying Charvat's civil case until he registers his home telephone numbers on the national do-not-call list. That requirement is not warranted under the applicable statutes and rules promulgated thereunder. The court of appeals properly granted Charvat the requested writ of procedendo to compel Judge Frye to lift the stay and proceed with the case. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———————

Ferron & Associates, L.P.A., John W. Ferron, and Lisa A. Wafer, for appellee.

Ron O'Brien, Franklin County Prosecuting Attorney, and Robert E. Williams and Patrick J. Piccininni, Assistant Prosecuting Attorneys, for appellant.