CHARVAT, APPELLANT, *v*. RYAN ET AL., APPELLEES.

**[Cite as *Charvat v. Ryan*, 116 Ohio St.3d 394, 2007-Ohio-6833.]**

*To establish a knowing violation of the Telephone Consumer Protection Act, Section 227, Title 47, U.S.Code, for an award of treble damages, a plaintiff must prove only that the defendant knew that it acted or failed to act in a manner that violated the statute, not that the defendant knew that the conduct constituted a violation of law — To establish a willful violation of Section 227, Title 47, U.S.Code, for an award of treble damages, a plaintiff must prove that the defendant consciously and deliberately committed or omitted an act that violated the statute, irrespective of any intent to violate the law — To establish a knowing violation R.C. 1345.09, for an award of attorney's fees, a plaintiff need prove only that the defendant acted in a manner that violated the Consumer Sales Practices Act and need not prove that the defendant knew that the conduct violated the law.*

(Nos. 2006-1647 and 2006-1855 – Submitted September 11, 2007 – Decided December 27, 2007.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 05AP-1331, 168 Ohio App.3d 78, 2006-Ohio-3705.

_____

**SYLLABUS OF THE COURT**

1. To establish a *knowing* violation of the Telephone Consumer Protection Act, Section 227, Title 47, U.S.Code, for an award of treble damages, a plaintiff must prove only that the defendant knew that it acted or failed to act in a manner that violated the statute, not that the defendant knew that the conduct itself constituted a violation of law.

2. To establish a willful violation of the Telephone Consumer Protection Act, Section 227, Title 47, U.S.Code, for an award of treble damages, a plaintiff must prove that the defendant consciously and deliberately committed or omitted an act that violated the statute, irrespective of any intent to violate the law.

3. To establish a knowing violation of R.C. 1345.09, for an award of attorney's fees, a plaintiff need prove only that the defendant acted in a manner that violated the Ohio Consumer Sales Practices Act, R.C. Chapter 1345, and need not prove that the defendant knew that the conduct violated the law. (*Einhorn v. Ford Motor Company* (1990), 48 Ohio St.3d 27, 548 N.E.2d 933, followed.)

_____

**LANZINGER, J.**

**{¶ 1}** This case concerns unwanted telephone solicitation through use of automated equipment, which now makes a caller subject to liability under federal and state statutes. The issue before us is whether the terms "knowingly" and "willfully" as used in the Telephone Consumer Protection Act of 1991 ("TCPA"), Section 227, Title 47, U.S.Code, and the term "knowingly" in the Consumer Sales Practices Act ("CSPA"), R.C. Chapter 1345, require that a defendant merely act in a manner that violates the acts or whether the defendant must also know that the conduct violates the laws. We hold that a defendant need know only that it acted or failed to act in a certain manner—i.e., the facts underlying the offense, not that it knew that the conduct itself violated a law.

I. Case Background

**{¶ 2}** On December 9, 2003, appellant Phillip Charvat received a prerecorded message on his home telephone number from appellees, Thomas N. Ryan, D.D.S., and Thomas N. Ryan, D.D.S., Inc. (collectively, "Ryan") advertising various dental services. Ryan's call was made using automated

dialing equipment. After listening to the message, Charvat sent a letter to Ryan, demanding a copy of the office's "do not call" policy. Ryan never sent a copy of the policy to Charvat.

{¶ 3} On January 20, 2004, Charvat filed a complaint in the Franklin County Common Pleas Court, setting forth claims for multiple violations of the TCPA and the CSPA. Charvat asked for the statutory damages allowed by the federal and state laws, the treble damages allowed by the TCPA, the attorney fees allowed by the CSPA, and a permanent injunction. The facts are undisputed: Ryan admits a single violation of the TCPA but also emphasizes that he acted in good faith in attempting to comply with the law.[1]

{¶ 4} Ryan filed a motion for summary judgment on the ground that Charvat's damages were limited to a single TCPA violation, and Charvat responded that the unauthorized call constituted four violations, since it violated four TCPA provisions. The trial court rejected Charvat's argument and found Ryan liable for two violations of the TCPA: one for leaving the message and a second for failing to send Charvat a "do not call" policy. Charvat was awarded damages for a single violation of the CSPA.

{¶ 5} The trial court granted summary judgment for Ryan on the remaining TCPA and CSPA claims. Specifically, the court declined to award treble damages under the TCPA, finding that Ryan did not act with the required culpable mental state. Quoting *Charvat v. Colorado Prime, Inc.* (Sept. 17, 1998), 10th Dist. No. 97APG09-1277, 1998 WL 634922, the court held that " '[a] defendant must affirmatively know it is violating a *regulation* when making the telephone call for purposes of the treble damages provision.' " The court also

---

1. The record shows that Ryan's office contacted the Ohio Attorney General's office prior to embarking on his telemarketing campaign and was told that all he had to do was download and honor the federal do-not-call list. Although Charvat has not chosen to place his name on the list, registration is not a prerequisite for a consumer to maintain an action for violations of the TCPA. *State ex rel. Charvat v. Frye,* 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 22.

determined that attorney fees were not appropriate under the CSPA because " 'knowledge' means actual awareness that an act was a violation of the CSPA."

{¶ 6} On appeal, Charvat challenged the trial court's refusal to award treble damages or attorney fees. Regarding the federal law, the Tenth District Court of Appeals held that Charvat was entitled to statutory damages for the delivery of the message, in violation of Section 227(b)(1)(B), Title 47, U.S.Code, and for the failure to send the "do not call" policy, in violation of Section 64.1200(d)(1), Title 47, C.F.R.

{¶ 7} The court of appeals held, however, that the trial court did not abuse its discretion in finding that the violation that resulted from the call was not willful. The court held that Ryan did commit two separate violations in a single call by failing to identify his business and his telephone number. The court of appeals remanded the case to the trial court to weigh the "knowing" and "willful" status for the violations as well as for the failure to send the "do not call" policy to Charvat. The court also affirmed the denial of attorney fees under the CSPA.

{¶ 8} Charvat applied for reconsideration and then filed a motion for certification that a conflict existed over the interpretation of "knowingly" under the TCPA. The Tenth District determined that its decision conflicted with the Sixth District's decision in *Reichenbach v. Financial Freedom Ctrs., Inc.,* 6th Dist. No. L-03-1357, 2004-Ohio-6164. Accordingly, the court of appeals certified the following issue: "Whether a defendant 'knowingly' violates Section 227(b), Title 47, U.S.Code, or the regulations promulgated thereunder, for purposes of awarding treble damages under Section 227(b)(3), where the plaintiff demonstrates that the defendant had knowledge of the facts constituting the offense; or whether the plaintiff must prove that the defendant knew when it placed the offending call that the call constituted a violation of the TCPA or any regulations promulgated thereunder."

4

**{¶ 9}** We determined that a conflict exists and also accepted two propositions of law from Charvat's discretionary appeal. The first proposition deals with the meaning of the terms "knowingly" and "willfully" in the TCPA for the purpose of awarding treble damages, and the second concerns the meaning of the term "knowingly" for the purpose of awarding attorney fees under the CSPA. We will discuss the federal and then the state statutes.

## II. Law and Analysis

### A. Telephone Consumer Protection Act, Section 227, Title 47, U.S. Code

**{¶ 10}** The TCPA restricts the use of automated telephone equipment. See Section 227(b), Title 47, U.S.Code. Enacted in 1991 in response to "the burgeoning use of telephone solicitations to market goods and services in the United States, and the concomitant frustration of the American public," *Charvat v. Dispatch Consumer Servs., Inc.*, 95 Ohio St.3d 505, 2002-Ohio-2838, 769 N.E.2d 829, ¶ 18, the TCPA was intended to stop prerecorded voice messages from being sent to private residential telephones. Section 2, Pub. L.No. 102-243, 105 Stat. 2394, 2394-2395. Section 227(b)(1)(B), Title 47, U.S.Code, states that it is unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." The TCPA also provides in Section 227(b)(3)(B) for a private right of action "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

**{¶ 11}** Anyone who receives a prerecorded telemarketing call at home, without first consenting to the call, may sue and recover damages. A residential customer may also sue for treble damages under Section 227(b)(3)(C), which provides for a private right of action: "If the court finds that the defendant *willfully or knowingly* violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award

to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." (Emphasis added.)

{¶ 12} The question for us is what mental state is required for an award of treble damages under this subsection of the TCPA.

## 1. Definition of "Knowingly"

{¶ 13} Charvat urges us to interpret the term "knowingly" to mean that the appellees knew that they initiated a telemarketing call using a prerecorded message system, not that they knew they were violating the TCPA. In support of his argument, he relies on the case cited in the certification order, *Reichenbach v. Financial Freedom Ctrs., Inc*, 2004-Ohio-6164, in which the Sixth District Court of Appeals held that " 'the term "knowingly" merely requires proof of knowledge of the facts that constitute the offense.' "  Id. at ¶ 37, quoting *Bryan v. United States* (1998), 524 U.S. 184, 193, 118 S.Ct. 1939, 141 L.Ed.2d 197.

{¶ 14} On the other hand, Ryan contends that use of the words "willfully" or "knowingly" in Section 227(b)(3) requires that the defendant have a culpable mental state.  His position follows the Tenth District's, which held that for a violation to be "knowing," the caller "must affirmatively know it is violating a *regulation* when making the telephone call." *Charvat v. Colorado Prime, Inc.,* (Sept. 17, 1998), 10th Dist. No. 97APG09-1277, 1998 WL 634922, at *4.

{¶ 15} "Knowingly" is undefined in the TCPA, but courts have often defined the term in criminal cases.  In *Bryan v. United States* (1998), 524 U.S. 184, 118 S.Ct. 1939, 141 L.Ed.2d 197, the United States Supreme Court explained that " 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law.  As Justice Jackson correctly observed, 'the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.' [*Boyce Motor Lines, Inc. v. United States* (1952), 342 U.S. 337, 345, 72 S.Ct. 329, 96 L.Ed. 367.] * * * Thus, unless the text of the statute dictates a different result, the term 'knowingly' merely

requires proof of knowledge of the facts that constitute the offense." (Footnote omitted.) Id. at 193, 118 S.Ct. 1939, 141 L.Ed.2d 197. See also *United States v. Meade* (C.A.1, 1999), 175 F.3d 215, 226, fn. 5 ("knowing," as used in a criminal statute, "normally signifies that the government needs to prove only that the defendant knew of the facts comprising the offense, and nothing more"); *United States v. Cohen* (C.A.2, 2001), 260 F.3d 68, 76 (it matters only that defendant knowingly committed the deeds forbidden by statute, not that he intended to violate the statute); and *United States v. Barbosa* (C.A.3, 2001), 271 F.3d 438, 458 (interpretation of "knowingly" other than as with knowledge of the facts that constitute the offense would be tantamount to compelling the government to disprove a defense of ignorance of the law).

{¶ 16} It is true that in *Lambert v. California* (1957), 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228, which addressed a registration ordinance for felons that carried criminal penalties, the United States Supreme Court carved out an exception to the "ignorance of the law is no excuse" maxim, stating that "[n]otice is required in a myriad of situations where a penalty * * * might be suffered for a mere failure to act." Id. at 228, 78 S.Ct. 240, 2 L.Ed.2d 228. But that exception addressed a situation in which a person failed to take action and not one in which a person did take action. Also, in certain cases involving violations of tax laws, courts have concluded that the jury must find that the defendant was aware of the specific provision of the tax code the defendant was charged with violating where "highly technical statutes presented the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan v. United States* (1998), 524 U.S. 184, 194, 118 S.Ct. 1939, 1947, 141 L.Ed.2d 197.

{¶ 17} The TCPA is neither a criminal nor a highly technical statute and thus ignorance of the law is no defense. Although the evidence established that Ryan did not intend to violate any law, proof of such intent is not necessary.

{¶ 18} For an award of treble damages under the TCPA, the term "knowingly" requires that liability be imposed even without appellees' knowledge that the conduct violated the statute. To establish a "knowing" violation of the TCPA for an award of treble damages, a plaintiff must prove only that the defendant knew of the facts that constituted the offense. Such knowledge of the "facts that constitute the offense" does not mean that the individual must know that certain conduct actually violates a law because it "constitutes" an offense. We hold that to establish a *knowing* violation of the TCPA for an award of treble damages, a plaintiff must prove only that the defendant knew that it acted or failed to act in a manner that violated the statute, not that the defendant knew that the conduct itself constituted a violation of law.

2. Definition of "Willful"

{¶ 19} The federal telephone solicitation statute also does not define the companion term "willfully," in the "willfully or knowingly" standard set forth in Section 227(b)(3)(C). Charvat points out that Section 312, Title 47, U.S.Code, defines "willful." There, "willful" is defined as the "conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States." Section 312(f)(1), Title 47, U.S.Code.

{¶ 20} Although this definition section is part of the Communications Act of 1934, Section 151 et seq., Title 47, U.S.Code, it is not part of the TCPA.[2] However, in the recent case of *In re Dynasty Mtge., L.L.C.* (2007), 22 F.C.C.R. 9453, the Federal Communications Commission examined the TCPA and determined that a willful violation means that the "violator knew that he was doing the act in question * * * [and that the] violator need not know that his

---

2. The definition in Section 312(f)(1) is part of the original Communications Act. The TCPA was added to the act later.

8

action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance." Id. at 9470, fn. 86.

{¶ 21} In *Charvat v. Dispatch Consumer Servs., Inc.,* 95 Ohio St.3d 505, 2002-Ohio-2838, 769 N.E.2d 829, we commented that the TCPA is the "skeleton of a system designed to rein in the proliferation of telemarketing calls. Much of the detail was left to the FCC." Id. at ¶ 24. Congress delegated the implementation of the TCPA to the FCC. Accordingly, we defer to the FCC's definition of "willful." We hold that to establish a willful violation of the TCPA for an award of treble damages, a plaintiff must prove that the defendant consciously and deliberately committed or omitted an act that violated the statute, irrespective of any intent to violate the law. In principle then, the two standards of "knowingly" and "willfully" within the TCPA do not differ.

{¶ 22} Because Congress chose to employ a low threshold to assess treble damages, by requiring a caller's actions to be "knowing" or "willful," it is important to highlight the language in the second part of the provision for treble damages: "*[T]he court may, in its discretion*, increase the amount of the award to an amount equal to not more than 3 times the amount" of the greater of $500 or the actual money loss. (Emphasis added.)

{¶ 23} Thus, a two-part test is presented for the trial court to employ when ascertaining whether treble damages are appropriate in a particular case. First, the court must decide whether a violation was "knowing" or "willful." Then the court may, but need not, award treble damages.

B. Definition of "Knowingly" in Ohio Consumer Sales Practices Act

{¶ 24} In his claim for a violation of the state statute, Charvat challenges the trial court's denial of attorney fees under the CSPA. Similar to a treble damage award under the TCPA, attorney fees are not mandated under the CSPA. R.C. 1345.09 sets out the remedies available to a consumer for a violation of the CSPA: "The court *may* award to the prevailing party a reasonable attorney's fee

limited to the work reasonably performed, if either of the following apply: (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith; (2) The supplier has *knowingly* committed an act or practice that violates this chapter." (Emphasis added.) R.C. 1345.09(F). Charvat asks us, in his discretionary appeal, to define "knowingly" as it is used in R.C. 1345.09.

{¶ 25} We addressed the definition of "knowingly" in *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 548 N.E.2d 933. There, we stated that a defendant "does not have to know that his conduct violates the law for the court to grant attorney fees" pursuant to R.C. 1345.09(F). Id. at 30, 548 N.E.2d 933. "[A] trial court may award a consumer reasonable attorney fees when the supplier in a consumer transaction intentionally committed an act or practice which is deceptive, unfair or unconscionable." Id. Both Charvat and Ryan agree that this is the proper definition of "knowingly" in the CSPA; neither party is challenging the discretionary authority of a trial court to grant attorney fees.

{¶ 26} Charvat argues that because appellees "knowingly" and "purposely" called appellant with a prerecorded message, the trial court erred in refusing to award appellant attorney fees. Appellees argue that even if they violated the CSPA knowingly, or, in the term employed in *Einhorn*, "intentionally," the matter of attorney fees is still committed to the sound discretion of the trial court, which did not abuse its discretion.

{¶ 27} The court of appeals followed the *Einhorn* analysis in addressing the issue of attorney fees, and we agree. Although both parties acknowledge that under the CSPA a plaintiff need prove only that the defendant intended to commit the act of violation and not that the conduct was intended to violate the act, we reiterate that the "knowing" commission of an act that violates R.C. Chapter 1345 does not mandate imposition of attorney fees. The trial court has the discretion to

determine whether attorney fees are warranted under the facts of each case. Therefore, we reaffirm *Einhorn* and hold that to establish a knowing violation of R.C. 1345.09, for an award of attorney fees, a plaintiff need prove only that the defendant acted in a manner that violated the CSPA and need not prove that the defendant knew that the conduct violated the law. *Einhorn*, 48 Ohio St.3d at 30, 548 N.E.2d 933.

### III. Conclusion

{¶ 28} We hold that to establish a knowing or willful violation under the TCPA for the award of treble damages, or under the CSPA for an award of attorney fees, a plaintiff need not prove that the defendant knew that conduct violated the law but only that the defendant knew the underlying facts of the conduct. A trial judge has discretion to determine whether to award treble damages under the TCPA or attorney fees under the CSPA. Therefore, we affirm the judgment of the Franklin County Court of Appeals on the denial of attorney fees under the CSPA. We reverse the judgment of the court of appeals on the award of treble damages under the TCPA and remand this case to the trial court for application of the appropriate standard of law and further proceedings consistent with this opinion.

Judgment affirmed in part

and reversed in part,

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

_____

Ferron & Associates, L.P.A., John W. Ferron, and Lisa A. Wafer, for appellant.

Schottenstein, Zox & Dunn Co., L.P.A., Matthew T. Green, John C. MacDonald, and Stephen J. Smith; and Wagenfeld Levine and Brian M. Zets, for appellees.

Marc Dann, Attorney General, William P. Marshall, Solicitor General, Elise Porter, Stephen P. Carney, Robert J. Krummen, and Christopher R. Geidner, Deputy Solicitors, urging reversal for amicus curiae, Attorney General of Ohio.

_____