OPINION *Page 2 
{¶ 1} Plaintiff-Appellants James C. White and Carline White ("the Whites") appeal from the September 10, 2008 Order of the Court of Common Pleas, Allen County, Ohio denying the Whites' motion for attorney's fees.
 {¶ 2} This matter stems from the Whites' purchase of a car in 2005 from the Lima Auto Mall ("Auto Mall"). This matter has previously been before this Court on appeal of the underlying judgment.[1] SeeWhite v. Lima Auto Mall, Inc., 3rd Dist. No. 1-07-86,2008-Ohio-2403.
 {¶ 3} The Whites attempted to purchase a Cadillac from the Auto Mall in February 2005. Although the Whites found the type of vehicle they were looking for at the Auto Mall, the car the Auto Mall had in stock did not have all of the features they wanted. The Auto Mall indicated that a vehicle meeting the Whites' specifications could be located and shipped to the Auto Mall within several days. The contract to purchase the vehicle was executed on the afternoon of February 21, 2005, with the Auto Mall indicating that the vehicle would likely arrive at the dealership on February 22, 2005. According to James, he requested the car be delivered to the Auto Mall by 1:30 p.m. on February 22, 2005 or in his words, "the deal was off." This requirement, however, was not made a part of any written agreement. *Page 3 
 {¶ 4} Conflicting accounts were given as to whether the car was at the dealership prior to 1:30 p.m. on February 22, 2005. However, James appeared at the Auto Mall early in the afternoon on February 22, 2005 and informed the Auto Mall that he was not taking the car. James did not ascertain if the car was at the dealership before making this determination.
 {¶ 5} After cancelling the deal with the Auto Mall, James went to another dealership and purchased a similar car. We note that some evidence exists in the record before this Court to suggest that James purchased the car from the other dealership before actually canceling the contract with the Auto Mall.
 {¶ 6} The car to be purchased from the Auto Mall was financed through GMAC financing. The finance documents were prepared and approved prior to the car being delivered to the Auto Mall. When James purchased a similar car from the other dealership, that vehicle was also financed through GMAC. Because the Whites had good credit, the dual applications for financing did not raise any red flags.
 {¶ 7} The Auto Mall did not cancel the financing of the car, so the Whites received payment notices for both the cars, even though the Whites never took possession of the car at the Auto Mall. After having contact with the Whites and GMAC, the Auto Mall refused to cancel the sales contract with the Whites.
 {¶ 8} Based on these facts, on September 2, 2005 the Whites filed a Complaint in the Allen County Court of Common Pleas. In their Complaint, the *Page 4 
Whites claimed, in pertinent part, that the Auto Mall committed a violation of Ohio's consumer protection act. The Whites requested damages in the amount of what they claimed was three times their actual damages, in the total amount of $102,026.52.
 {¶ 9} On June 26, 2007 the Auto Mall moved the trial court to dismiss any claims for money damages. In its motion, the Auto Mall argued that under R.C. 1345 et seq., the Whites were not entitled to proceed with any claims for money damages or on any claims for fraud because the Whites had already elected to rescind the contract; thereby electing rescission as their remedy instead of damages.
 {¶ 10} On October 11, 2007 the trial court issued an Order dismissing part of the Whites' claims. Specifically, in its Order, the trial court found as follows:
 As to Defendant, Lima Auto Mall, Inc.'s Motion for Partial Dismissal (Doc. #84), the same is well taken. Plaintiffs have plead [sic] for both rescission of the contract in question and an alternative claim of common law fraud. The remedies under O.R.C. 1345.09(A) and 1345.09(B) are in the alternative and not cumulative.
 The Court is aware of conflicting Ohio law on whether a plaintiff must chose their remedy under O.R.C. 1345.09 before trial. To remain consistent with O.R.C. 1345.09, and avoid any prejudice to the Defendants by potentially granting judgment for different and inconsistent remedies, we find that the Plaintiffs must chose [sic] their remedy under O.R.C. 1345.09 before trial.
 As pointed out by Defendants, the "Plaintiffs' Amended Complaint alleges that they `voided the contract' with the *Page 5 Defendants and that they `informed GMAC that the contract had been voided.'"
 Since Plaintiffs elected at the outset to rescind the contract, their claims relating to money damages based upon the contract under O.R.C. 1345 and/or claims of common-law fraud are dismissed.
 {¶ 11} The trial court entered a Final Judgment Entry on November 16, 2007. In its Entry, the trial court found as follows:
 This Court having ruled that Plaintiffs are not entitled to money damages on any claim and the remedy of rescission is the only relief available to them, as more fully discussed in the October 11, 2007 Order of this Court on the issues, all of which is incorporated in this Final Judgment Entry by reference, and the Defendants having stated to the Court that they do not oppose rescission, it is hereby ordered, adjudged and decreed:
 Final Judgment is awarded in favor of Plaintiffs and against Defendant Lima Auto Mall, Inc. on the first claim for violation of the Consumer Sales Practices Act, and in favor of Plaintiffs and against Defendant GMAC on the third claim for derivative liability on the complaint, and in favor of Plaintiffs and against Defendant GMAC on its counterclaim, and the transaction between the parties for the sale and financing of the 2005 Cadillac motor vehicle between Plaintiffs and Defendants is hereby Ordered rescinded in full. The Court having ruled that rescission is the only relief available to the [P]laintiffs, the Court finds all other claims moot and hereby dismisses same with prejudice. Costs to the Defendants.
 {¶ 12} The Whites' filed a motion for attorney fees and costs on July 21, 2008. The Auto Mall filed its response on September 5, 2008. On September 10, 2008 the trial court issued its judgment overruling the motion for attorney fees and costs. *Page 6 
 {¶ 13} The Whites now appeal, asserting a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S [SIC] MOTION FOR ATTORNEY FEES AND COSTS.
 {¶ 14} In their only assignment of error, the Whites argue that the trial court erred in denying their motion for attorney fees. Attorney fees based on a consumer protection violation are governed by R.C. 1345.09, which provides, in pertinent part, as follows:
 (F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;
 (2) The supplier has knowingly committed an act or practice that violates this chapter.
(emphasis added).
 {¶ 15} Other courts have considered requests for attorney fees and held that the statute calls for the award of "reasonable" attorney fees.Mike Castrucci Ford Sales, Inc. v. Hoover, 12th Dist. No. CA2007-02-022. 2008-Ohio-1358 citing Brooks v. HurstBuick-Pontiac-Olds-GMC, Inc. (1985), 23 Ohio App.3d 85, 491 N.E.2d 345. The Castrucci Court held that it is well-settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within *Page 7 
the sound discretion of the trial court. Id. Moreover, the language of R.C. 1345.09(F) makes an award of any attorney fees wholly discretionary, not mandatory. See Malkamaki v. Sea Ray Boats, Inc.
(N.D. Ohio 2005), 411 F. Supp. 2d 737. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. Brooks, 23 Ohio App.3d at 91.
 {¶ 16} Moreover, in reviewing a judgment on attorney fees, this Court is mindful that the trial judge, who participated not only in the trial but also in many of the preliminary proceedings leading up to trial, had an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court. Brooks, 23 Ohio App.3d at 91.
 {¶ 17} In denying the Whites' motion for attorney fees, the trial court reasoned as follows:
 The Ohio Revised code provides that a court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if the supplier has knowingly committed an unfair or deceptive act or practice in connection with a consumer transaction. Ohio Rev. Code Ann. § 1345.09(F)(2).
 This Court is of the belief that where an action is dismissed, either by the judge or voluntarily by one or both parties, there is no "prevailing party." See Hansel v. Creative Concrete Masonry Constr. Co., 148 Ohio App. 3d 53 (10th Dist. 2002). In the instant action, every claim, except the claim for rescission was dismissed by the Court. As for the claim for rescission, the parties entered into a compromise ordering the transaction between them be rescinded. Although technically, the agreement entered into awarded judgment to Plaintiffs, there *Page 8 was never a fact finder's decision in favor of Plaintiff. For this reason, the Court finds this situation not warranting of attorneys fees. It seems repugnant to the policy behind this statute to award attorneys fees to Plaintiff where Defendant, in an effort to compromise, agreed to judgment rather than to have his case heard by a fact finder. Additionally, in order for a court to award such fees, the evidence must show that the supplier knowingly committed an act or practice in violation of the afore-mentioned statute. Brooks v. Hurst Buick-Pontiac-Olds-GMC, 23 Ohio App.3d 85 (1985). Because this issue of whether Defendant knowingly committed a violation was never decided, but instead the case was dismissed, it would be to circumvent the statute to grant attorneys fees. No evidence was presented, and both parties dismissed the case voluntarily.
 {¶ 18} Specifically, awards of attorney fees are only available where there has been a prevailing party in a consumer protection claim. Where a claim was filed and dismissed, there can be no prevailing party.Hansel v. Creative Concrete Masonry Constr. Co., 148 Ohio App. 3d 53,772 N.E.2d 138, 2002-Ohio-198. The Whites argue that the trial court erred by finding that they were not a prevailing party. In reviewing this determination, we look to the language of the Final Judgment Entry of November 16, 2007 which stated as follows:
 [T]he remedy of rescission is the only relief available to [the Whites] . . . and the Defendants having stated to the Court that they do not oppose rescission, it is hereby ordered, adjudged and decreed:
 Final Judgment is awarded in favor of Plaintiffs and against Defendant Lima Auto Mall, Inc. on the first claim for violation of the Consumer Sales Practices Act.
 {¶ 19} However, in awarding rescission to the Whites, the trial court never stated that it found that the Lima Auto Mall committed a consumer protection *Page 9 
violation. Instead, the trial court reasoned that because rescission was the only available remedy which was not opposed by the Auto Mall that would conclude the case. Moreover, in consenting to rescission, the Auto Mall never acknowledged that it committed a consumer protection violation. Instead, the only agreement between the parties was that the transaction would be rescinded.
 {¶ 20} The Whites also argue that the trial court erred by not awarding attorney fees because the Auto Mall's consumer protection violation was committed knowingly. "[U]nder the CSPA a plaintiff need prove only that the defendant intended to commit the act of violation and not that the conduct was intended to violate the act," to prove that a violation was committed knowingly. Charvat v. Ryan,116 Ohio St.3d 394, 401, 879 N.E.2d 765, 2007-Ohio-6833. However, proof of a knowing violation is, contrary to the Whites' assertions, not an automatic entitlement to an award of attorney fees. The Charvat Court specifically held that "the `knowing' commission of an act that violates R.C. Chapter 1345 does not mandate imposition of attorney fees." Id.
 {¶ 21} Additionally, even if we were to conclude that the language of the trial court's Final Judgment Entry issued on November 16, 2007 clearly indicated that the Whites were the prevailing parties and that the Auto Mall knowingly committed a consumer protection violation, the outcome would be no different. The Ohio Supreme court has repeatedly emphasized the discretionary power of the trial court with respect to attorney fees, even where the trial court has determined *Page 10 
a consumer protection violation has been commited. See Charvat,116 Ohio St.3d 394. In Charvat, the Ohio Supreme Court found that although a consumer protection violation was established, denial of attorney fees was proper. The Court specifically held that "the trial court has the discretion to determine whether attorney fees are warranted under the facts of each case." Charvat, 116 Ohio St.3d at 401-402.
 {¶ 22} Therefore, in this case, we are unable to find that the trial court abused its discretion in denying the Whites' motion for attorney fees. Accordingly, the Whites' sole assignment of error is overruled. Based on the foregoing, the September 10, 2008 Order of the Court of Common Pleas, Allen County, Ohio denying the Whites' motion for attorney's fees is affirmed.
Judgment Affirmed
 PRESTON, P.J. and ROGERS, J., concur.
[1] We note that GMAC was also a party to the original action. GMAC is not a participant in the current proceeding. *Page 1