[Cite as *Worley v. Sargus*, 2013-Ohio-864.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex. rel. JOHNNYJ. WORLEY, | ) | |
| | ) | |
| RELATOR, | ) | |
| | ) | |
| V. | ) | CASE NO. 12 BE 38 |
| | ) | |
| JUDGE JENNIFER L. SARGUS, | ) | OPINION |
| | ) | AND |
| RESPONDENT. | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:    Writ of Procedendo

JUDGMENT:    Dismissed

APPEARANCES:
For Relator
Johnny J. Worley
#A577894
15802 State Route 104 North
P.O. Box 5500
Chillicothe, Ohio 45601

For Respondent    No brief filed

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 8, 2013

PER CURIAM.

**{¶1}** Relator Johnny J. Worley has filed a pro se petition for a writ of procedendo asking this court to compel respondent Belmont County Common Pleas Court Judge Jennifer L. Sargus to rule on his motion contesting his sexual offender classification.

**{¶2}** In 2008, Worley was convicted and sentenced in the Belmont County Common Pleas Court on one count of second-degree-felony sexual battery for an offense which occurred in 2007. R.C. 2907.03(A)(5). *State v. Worley*, Belmont C.P. No. 08 CR 0037. Worley did not appeal his conviction or sentence.

**{¶3}** On January 23, 2012, Worley filed in the trial court a "Petition to Invalidate the Classification, Registration, and Notification Requirements of Ohio Revised Code, Chapter 2950, under the AWA and Megan's Law." In his pro se petition for writ of procedendo before this court, Worley states that he filed the petition below pursuant to the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 344, 952 N.E.2d 1108. The question posed in *Williams* was whether Senate Bill 10 (Ohio's version of the Adam Walsh Act) was unconstitutionally retroactive as applied to an offender who committed a sex crime before its January 1, 2008 enactment date. In response to that question, the Ohio Supreme Court stated:

When we consider all the changes enacted by S.B. 10 in aggregate, we conclude that imposing the current registration requirements on a sex offender whose crime was committed prior to the enactment of S.B. 10 is punitive. Accordingly, we conclude that S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws.

*Id.* at ¶ 21.

**{¶4}** Presumably, since it appears that Worley was sentenced *after* the effective date of S.B. 10 (January 1, 2008) for an offense which occurred *before* the

act's effective date, Worley seeks to have his sex offender classification set aside in accordance with the *Williams* decision.

{¶5} On July 6, 2012, Worley filed in the trial court a "Motion to Vacate and Correct Defendant's Sentence Pursuant to the Laws in Effect at the Time the Crime Occurred." Worley states that this motion was also based on the *Williams* decision. Worley filed the present writ for procedendo before this court on November 19, 2012, contending that the Belmont County Common Pleas Court has yet to rule on either of his filings below and asking this court to compel it to do so.

{¶6} The criteria for relief in procedendo are well-established. The relator must demonstrate: (1) a clear legal right to proceed in the underlying matter; and (2) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Charvat v. Frye,* 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 13. A writ of procedendo is appropriate when "a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227.

{¶7} However, during the pendency of this matter, the trial court did rule on Worley's motion. On December 18, 2012, the trial court ruled that Worley's motion was moot, reasoning that it was without jurisdiction or authority to act as its own appeal forum.

{¶8} Since the trial court has ruled on his motion, his petition for a writ of procedendo before this court is moot. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990). As such, Worley's petition for writ of procedendo is hereby dismissed as

moot. Costs assessed to relator.

Donofrio, J. concurs.
Waite, J. concurs.
DeGenaro, P.J. concurs.