[Cite as *Hatch v. Hatch*, 2019-Ohio-1414.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| KERRI HATCH, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2018-L-094 |
| GARY HATCH, | : | |
| Defendant-Appellee. | : | |

Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2015 DR 000689.

Judgment: Affirmed.

*Frank R. Brancatelli,* 7318 Gallant Way, Painesville, OH 44077 (For Plaintiff-Appellant).

*Egidijus Marcinkevicius,* Algis Sirvaitis & Associates, 880 East 185th Street, Cleveland, OH 44119 (For Defendant-Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Kerri Hatch, appeals from the final judgment of divorce entered by the Lake County Court of Common Pleas, Domestic Relations Division. Appellant contends the trial court committed various errors in adopting the magistrate's decision in relation to certain issues of property division as well as its determination that her counsel was not entitled to attorney fees. We affirm.

{¶2}    Appellant and appellee, Gary Hatch, were married on June 27, 1992.  The parties separated on May 22, 2014, after appellant vacated the marital home.   On October 28, 2015, appellant filed for divorce. Appellee obtained legal counsel who filed an answer on his behalf.   Appellant, who initially was proceeding pro se, qualified for legal aid and her counsel volunteered to assist her.   The parties stipulated to various issues and the remaining matters proceeded to hearing. The magistrate issued findings of fact and conclusions of law, after which appellant filed timely objections.  The trial court subsequently granted appellant's first and third objections.  The remainder of her objections were overruled and the magistrate's decision was otherwise adopted. Appellant now appeals and assigns four errors for our review.

{¶3}    As each assigned error pertains to the trial court's partial adoption of the magistrate's decision, it is necessary to set forth the proper standard of review.  When considering an appeal from a trial court's decision to accept or reject a magistrate's decision, a reviewing court must determine whether the trial court abused its discretion.  *Dudas v. Harmon,* 11th Dist. Lake No. 2015-L-060, 2015-Ohio-5218, ¶44. This court has described an abuse of discretion as a judgment "which does not comport with reason or the record," and as one in which the court failed "to exercise sound, reasonable, and legal decision-making." (Citations omitted.) *In re Beynenson,* 11th Dist. Geauga No. 2012-G-3066, 2013-Ohio-341, ¶12.

{¶4}    With this guidance in mind, appellant's first assignment of error provides:

{¶5}    "The trial court erred when it determined that Defendant's partial inheritance received by the Defendant in the sum of $30,051.10, untraced and co-mingled into marital assets through home improvements/repairs to the marital home

2

was separate property pursuant to Ohio Revised Code Sec. 3105.171(A)(6)(a)(I) without any evidence that the value of the home was increased by virtue of the home improvement/repairs."

{¶6} "Marital property" is defined at R.C. 3105.171(A)(3)(a)(i) as "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage." "'Marital property' does not include any separate property." R.C. 3105.171(A)(3)(b). R.C. 3105.171(A)(6)(a)(i) defines "separate property" to include "[a]n inheritance by one spouse by bequest, devise, or descent during the course of the marriage." According to R.C. 3105.171(B), the trial court is required to identify marital property and separate property and to divide both equitably between the spouses.

{¶7} "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). "Traceability of an asset from its origin as a discrete, separate property to its current status is the primary means of determining whether the property is separate." *Needles v. Needles,* 11th Dist. Geauga No. 2001-G-2386, 2002-Ohio-7128, ¶10. Therefore, "'when one spouse contributes equity in the parties' marital home and that spouse can trace the equity to his or her [separate] funds, those funds remain the spouse's separate property.'" *Knop v. Knop*, 11th Dist. Lake No. 2015-L-107, 2016-Ohio-7146, ¶14 quoting Jones *v. Jones,* 4th Dist. Athens No. 07CA25, 2008-Ohio-2476, ¶21. Holding property in co-ownership with a spouse is not dispositive of whether property is separate or marital. *Knop, supra.*

3

{¶8} In her decision, the magistrate noted the parties stipulated that appellee received an inheritance in the amount of $61,230.64 during the marriage. As indicated above, that inheritance is separate property. The magistrate further found that $30,051.10 of the inheritance was used to improve the marital home. Although the magistrate did not make the express finding, the parties also stipulated that $30,051.10 of the inheritance was, indeed, expended for home improvements. The stipulation included an itemized accounting, with accompanying receipts, of the expenditures. Given these points, it is clear that the $30,051.10 was traceable equity invested in the marital home and therefore remained appellee's separate property.

{¶9} Although appellant seems to insist that appellee was required to demonstrate the equity invested into the home concomitantly increased its value, she cites no authority to support this assertion. The parties agreed that the disputed amount was used to improve the marital home and there was evidence to support the stipulation; we accordingly conclude appellee set forth sufficient evidence of its traceability. Thus, the trial court did not abuse its discretion when it adopted the magistrate's decision which concluded appellee should receive the first $30,051.10 in any proceeds from the sale of the home as it was traceable directly to his inheritance.

{¶10} Appellant's first assignment of error lacks merit.

{¶11} Her second assignment of error provides:

{¶12} "The trial court erred when it failed to establish that the cash that the Defendant had acquired during the marriage from the net bonus he received from his employer and refunds from the jointly filed federal taxes in the sum of $44,632.94 was not marital property subject to division between the parties pursuant to R.C. 3105.171."

4

{¶13} Appellant argues the magistrate and trial court erred in failing to address appellee's purported accumulation of cash generated during the marriage from his tax returns and bonuses. Appellant asserts tax refunds totaling $15,970 and bonuses totaling $54,599 were never deposited into appellee's bank accounts and his testimony that he utilized the money to pay appellant's and his own bills was not credible. We do not agree.

{¶14} The evidence indicated appellant's average gross salary was $42,120. He typically received a bonus in December of each year which, he testified, varied in amount; from the bonuses, however, his employer would deduct his benefits for the year and, as a result, the net return on the bonuses was appreciably lower than the gross. In any event, appellee testified he used the earnings from the bonuses to pay both parties' bills. Appellee further testified he received tax refunds in 2014 and 2015 that were directly deposited into a personal checking account he had with Chase bank. In relation to the bonus money as well as the refunds, the trial court made the following observations:

> {¶15} The Plaintiff last objects to the Magistrate's division of monies in a Chase checking account of the Defendant and tax refunds for 2014 and 2015 deposited into said account being retained by Defendant. The Defendant's testimony in the transcript was extremely confusing upon cross examination. The transcript as to the monies in the Chase checking account is almost incomprehensible * * *.

> {¶16} For this objection, the Court considers the following of significance: the Defendant testified the parties separated May 22, 2014. The Defendant moved into an apartment for which he pays rent. The Plaintiff overlooks the Defendant has continued to pay the monthly mortgage payment of $1,015.00 on the marital residence since that time. The Plaintiff has been residing there for over two years. Defendant's Exhibit A records additional monies the Defendant has paid to the Plaintiff each month since the separation up through trial.

5

**{¶17}** As part of this objection, the Plaintiff overlooks the Complaint for Divorce was filed on October 28, 2015. The Defendant's withdrawal of $13,000.00 from the Chase account on January 8, 2015, preceded the divorce filing by 10 months. Both the 2014 and 2015 joint refunds were deposited into the Chase account long before the divorce was filed. Accordingly, the Court does not find any willful failure to disclose marital or separate property warranting a distribution award for financial misconduct by Defendant.

**{¶18}** The court's determination regarding the identified funds is supported by the record. Moreover, appellee testified that he did have occasion to withdraw large sums after he received his bonus. He indicated this practice was prompted by his concern that appellant might file for divorce which, in appellee's view, could cause the account to be frozen. In appellee's mind, this potential issue could prevent him from paying bills and other expenses and, because his base salary could not cover such expenses, it behooved him to remove the large sum and replenish the accounts with cash as needed. Appellee testified that "any money, cash that I had taken out would have gotten put back in periodically throughout the year into those two accounts to supplement my weekly income and paying bills, house, utilities, whatever."

**{¶19}** The trial court addressed appellant's objection and there is nothing in the record that contradicts, let alone refutes, appellee's explanation regarding the deposit and withdrawal of the funds in question.

**{¶20}** Appellant's second assignment of error lacks merit.

**{¶21}** Appellant's third and fourth assignments of error are related and respectively provide:

**{¶22}** "[3.] The trial court erred when it failed to award Plaintiff attorney fees pursuant to the motion and supplemental motions for attorney fees that were filed

6

pursuant to Local Rule 17.01 alleging that counsel for Plaintiff had failed to support his fees by affidavit irrespective of the fact Defendant's counsel stipulated to the bill in its entirety."

{¶23} "[4.] The trial court erred when it failed to award Plaintiff's attorney fees pursuant to the motion and supplemental motions for attorney fees that were filed pursuant to Local Rule 17.01 alleging that counsel for Plaintiff had agreed to represent Plaintiff on a pro bono basis and had signed all filings with the court under the assurance that the matter was referred through the Legal Aid Society of Cleveland to the Lake County Family Law Brief Advice Clinic, for a volunteer attorney to assist the plaintiff subsequent to defendant obtaining legal counsel to represent him."

{¶24} Under the foregoing assigned errors, appellant essentially asserts the fees counsel submitted were reasonable and appropriate. And, because the Revised Code affords the trial court discretion in awarding attorney fees, the trial court abused its discretion in denying counsel's fee request. We do not agree.

{¶25} R.C. 3105.73(A) governs the award of attorney fees and litigation expenses in domestic relations cases and provides:

{¶26} In an action for divorce * * * or an appeal of that action, a court may award all or part of the reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶27} * * *

{¶28} (D) Nothing in this section prevents an award of attorney's fees and litigation expenses from being designated as spousal support, as defined in section 3105.18 of the Revised Code.

7

**{¶29}** The awarding of attorney fees is within the sound discretion of the trial court. *Howell v. Howell,* 167 Ohio App.3d 431, 2006-Ohio-3038 (2d Dist.).

**{¶30}** We point out that an award of attorney fees, whether it is designated as spousal support or otherwise, must be equitable. Here, the magistrate recommended spousal support but essentially determined an award of attorney fees to appellant's counsel would not be equitable in light of appellee's income and resources. The trial court overruled appellant's objection to the magistrate's conclusion on this issue. We recognize the trial court's position was premised upon the purported lack of an affidavit in support of counsel's request. We further recognize that, attached to supplemental motion, counsel appended an affidavit in support of his request. Nevertheless, for the reasons that follow, we discern no abuse of discretion in the trial court's disposition of the objection.

**{¶31}** Appellant's counsel admits he volunteered to represent appellant pro bono, via the Legal Aid Society of Cleveland. He acknowledged, in his letter confirming his representation, that his services and representation would be rendered at no cost to appellant. Although he submitted a detailed bill of his services, and those services are ostensibly reasonable and appropriate, equity would not support an order requiring appellee to pay these expenses. Counsel agreed to the pro bono representation and, in light of this informed decision, it would be unreasonable and unfair, absent some unusual circumstances (e.g., vindictive, frivolous, or rankling conduct on appellee's behalf), which are not present here, to make appellee responsible for the services rendered by appellant's counsel. We therefore hold the trial court's decision was within its sound discretion.

8

{¶32} Appellant's third and fourth assignments of error lack merit.

{¶33} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.