[Cite as *Parks v. Aburahma*, 2022-Ohio-4253.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| JOSEPH S. PARKS, | **CASE NO. 2022-T-0027** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Girard Municipal Court |
| NABIL ABURAHMA, a.k.a.<br>BILLY ABURAHMA, INDIVIDUALLY<br>AND d.b.a. LIBERTY AUTO<br>CONNECTION, LLC, et al., | Trial Court No. 2020 CVF 00543 |
| Defendants-Appellees. | |

## O P I N I O N

Decided: November 28, 2022
Judgment: Reversed and remanded

*Cherie H. Howard,* Community Legal Aid Services, 160 East Market Street, Suite 225, Warren, OH  44484 (For Plaintiff-Appellant).

*Devon A. Stanley,* P.O. Box 172, Niles, OH  44446 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Joseph S. Parks, appeals from the judgment of the Girard Municipal Court, denying his application for attorney fees. For the reasons discussed in this opinion, the judgment of the trial court is reversed and remanded for further proceedings.

{¶2}   In August 2020, appellant filed a complaint in Girard Municipal Court against appellees, Nabil Aburahma, et al.  The complaint alleged various causes of action including violations of Ohio's Retail Installment Sales Act ("RISA"), the Consumer Sales

Practices Act ("CSPA") and the federal Truth in Lending Act ("TILA"). Appellees filed an answer. Appellant's counsel proposed an offer for settlement, which appellees rejected. Appellant subsequently moved for partial summary judgment which appellees opposed. The trial court overruled appellant's motion for partial summary judgment and set the matter for pretrial hearing.

{¶3} In October 2021, a pretrial hearing was held at which neither appellees nor their attorney appeared. At the hearing, the trial court granted appellants leave to file a motion to reconsider its previous decision overruling its motion for partial summary judgment. Appellant subsequently filed a memorandum in support of its motion to reconsider. Appellees opposed the memorandum.

{¶4} On December 7, 2021, the trial court granted the motion to reconsider and, in so doing, granted appellant's partial motion for summary judgment. The court awarded statutory damages in the amount of $4,990 plus costs but concluded that appellant's claim for non-economic damages (infliction of emotional distress damages) could not be resolved via summary judgment. Nevertheless, the trial court affixed Civ.R. 54(B) language to the entry, stating "this is a final appealable order. There is no just cause for delay." Appellees did not file a notice of appeal of the judgment.

{¶5} In a separate judgment, the trial court instructed appellant to file an application of attorney fees within 10 days of the judgment awarding him partial summary judgment. Appellant did so, appellees duly opposed the application, and appellant replied to the memorandum in opposition.

{¶6} On March 2, 2022, the trial court issued a final judgment overruling appellant's application for attorney fees without a hearing. Appellant now appeals and

2

assigns four errors for our review. Because appellant's assignments of error are interrelated, we shall address them together. They provide, respectively:

{¶7} "[1.] The trial court abused its discretion by failing to evaluate plaintiff-appellant's application for attorney fees in accordance with the *Bittner* standard.

{¶8} "[2.] The trial court's reasoning for denying plaintiff-appellant an attorney fee award constitutes an abuse of discretion and a failure to exercise sound, reasonable and legal decision-making."

{¶9} "[3.] The trial court abused its discretion and made a mistake of law in denying an attorney fee award because it had not made a finding that defendants knowingly violated the CSPA."

{¶10} "[4.] The trial court's decision to totally deny attorney fees in this case is an abuse of discretion and shocks the conscience."

{¶11} An appellate court generally reviews a trial court's decision on a prayer for attorney fees under an abuse of discretion standard. *Williams v. Gray Guy Group, L.L.C.,* 10th Dist. Franklin No. 16AP-321, 2016-Ohio-8499, ¶44. *See also Hamilton v. Ball*, 4th Dist. Scioto No. 13CA3533, 2014-Ohio-1118, ¶78. Where a court is empowered to award attorney fees by statute, the amount of the attorney fees is within the sound discretion of the trial court. *Williams*, *supra*, at ¶44, citing *Bittner v. Tri-Cty. Toyota, Inc.,* 58 Ohio St.3d 143, 146 (1991). Here, the award of attorney fees is authorized by R.C. 1345.09(F). Accordingly, we will review the trial court's decision concluding that attorney fees were not warranted for an abuse of discretion. *Bittner, supra*; *Charvat v. Ryan*, 116 Ohio St.3d 394, 2007-Ohio-6833, ¶27. A court abuses its discretion when it

3

fails to """exercise sound, reasonable, and legal decision-making.""" *Burnett v. Burnett*, 11th Dist. Ashtabula No. 2010-A-0035, 2011-Ohio-2839, ¶11 (Citations omitted.)

{¶12} Under his assignments of error, appellant asserts the trial court erroneously concluded that his counsel was not entitled to attorney fees because (1) it improperly concluded that appellees' violations were essentially negligent, rather than knowingly; (2) it improperly relied upon this court's holding in *Hatch v. Hatch*, 11th Dist. Lake No. 2018-L-094, 2019-Ohio-1414, a case he contends is fundamentally distinguishable from the matter sub judice; (3) it improperly concluded that an award of attorney fees beyond that of the judgment on liability would be punitive and inequitable;  and (4) it failed to consider the reasonableness of counsel's services.  We shall address these issues in turn.

{¶13} In its order denying attorney fees, the trial court stated that, in its judgment entry granting partial summary judgment, it "did not make a finding that the Defendants knowingly violated the Consumer Sales Protection Act and the Truth in Lending Act.  A review of the evidence before the Court indicates that the Defendants' violations were more of a negligent nature in that they simply did not understand the parameters of the CSPA, the TILA, and the results of their actions."

{¶14}  As noted, an award of attorney fees in an action brought pursuant to the CSPA is authorized by R.C. 1345.09(F).  That statute provides, in relevant part that "[t]he court may award to the prevailing party reasonable attorney's fees limited to the work reasonably performed * * * if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter." R.C. 1345.09(F)(2).

{¶15}  Prior to making an award of attorney fees under R.C. § 1345.09(F), the trial court must make a determination that the supplier "knowingly" committed a consumer

4

sales practice violation. In this context, "knowingly" means that the "supplier need only intentionally do the act that violates the Consumer Sales Practices Act. The supplier does not have to know that his conduct violates the law * * *." *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 30 (1990). To this point, the Supreme Court, in *Einhorn*, determined:

{¶16} The language "* * * knowingly committed an act or practice that violates this chapter" requires that for liability to attach, a supplier must have committed a deceptive or unconscionable act or practice. This conduct must violate the Consumer Sales Practices Act. The statutory language does *not* state that the supplier must act with the knowledge that his acts violate the law, as appellee contends. "Knowingly" modifies "committed an act or practice" and does not modify "violates this chapter." (Emphasis sic.) *Id.*

{¶17} The trial court's judgment indicates that appellees, in violating the CSPA, did not know they were violating the law. And, if they did not know they were violating the law, they could not knowingly commit the verboten act or practice. The Supreme Court, however, rejected this construction in *Einhorn*.

{¶18} To establish a "knowing" violation under R.C. 1345.09, the party applying for fees need only establish the party "knowingly" committed an act or practice in violation of the CSPA. As the Sixth Appellate District has succinctly observed:

{¶19} A supplier may not escape liability for attorney fees merely because of ignorance that his actions were unlawful. The supplier is liable for attorney fees if he knowingly commits the act or practice which is determined to violate the CSPA, regardless of whether the supplier knew the unlawfulness of his act at the time of its commission. *Andrews v. Scott Pontiac Cadillac GMC*, 71 Ohio App.3d 613, 620 (6th Dist.1991), citing *Einhorn*, *supra*.

{¶20} The trial court's conclusion that appellees' actions were "more of a negligent nature in that they simply did not understand the parameters" of the law is inconsequential. The trial court found appellees violated the CSPA. This was sufficient to support the legal conclusion that they "knowingly" committed the act which would

5

trigger an award of attorney fees as a matter of statutory law. As such, the trial court erred in denying appellant attorney fees on this basis.

{¶21} Next, in denying appellant fees and costs, the trial court cited this court's opinion in *Hatch v. Hatch*, 11th Dist. Lake No. 2018-L-094, 2019-Ohio-1414 for the proposition that an attorney's agreement to represent a client pro bono negates, as a matter of equity, any entitlement to statutory attorney fees. *Hatch* is fundamentally distinguishable from this case.

{¶22} In *Hatch*, a divorce appeal, wife's counsel submitted an application for fees and maintained the fees were reasonable and appropriate. This court initially observed that, in a divorce action, an award of attorney fees must be equitable. *Id.* at ¶30. The magistrate in *Hatch* recommended spousal support, but found an award of attorney fees, in light of wife's income and resources, would not be equitable. Trial court, after an independent review of the magistrate's decision, determined counsel's failure to attach an affidavit in support of his request additionally justified denying the request. *Id.*

{¶23} On appeal, this court observed:

{¶24} Appellant's counsel admits he volunteered to represent appellant pro bono, via the Legal Aid Society of Cleveland. He acknowledged, in his letter confirming his representation, that his services and representation would be rendered at no cost to appellant. Although he submitted a detailed bill of his services, and those services are ostensibly reasonable and appropriate, equity would not support an order requiring appellee to pay these expenses. Counsel agreed to the pro bono representation and, in light of this informed decision, it would be unreasonable and unfair, absent some unusual circumstances (e.g., vindictive, frivolous, or rankling conduct on appellee's behalf), which are not present here, to make appellee responsible for the services rendered by appellant's counsel. *Id.* at ¶31.

6

{¶25} This court, in *Hatch*, accordingly determined the trial court's judgment denying attorney fees was not an abuse of discretion.

{¶26} In this case, while appellant's counsel represented him by way of a Volunteer Legal Services Program ("VLSP"), there was no pro-bono agreement. Moreover, there was no agreement between counsel and appellant that counsel would forego or otherwise waive statutory attorney fees. To the contrary, the voluntary legal aid agreement specifically provided, in relevant part: "<u>Attorney Fees</u>: If your volunteer is able to get the opposing party to pay attorney's fees, the volunteer may keep those fees to offset his/her costs. VLSP does not charge for its services." (Emphasis sic.)

{¶27} Although the verbiage "get opposing counsel to pay" is somewhat inartful, the implication of the clause is fairly clear: Even though VLSP does not charge for its services, a volunteering attorney may seek fees and, if awarded, may keep the same. Unlike *Hatch*, appellant's counsel did not specifically agree to provide pro bono services (i.e., services for free). And, the VLSP agreement specifically afforded counsel the option to seek attorney fees and if she could "get opposing counsel to pay," she could retain the fees.

{¶28} The judgment and subsequent affirmance of the same in *Hatch* was premised upon both the pro-bono agreement and equitable considerations. This case, however, is premised upon R.C. 1345.09(F)(2), which specifically empowers the court to award attorney fees where a supplier has committed an act that violates the CSPA. Without an agreement indicating counsel would not seek attorney fees or otherwise waived fees, the statute affords the trial court the discretion to grant counsel's application.

7

We therefore conclude the trial court erred in premising its denial of counsel's fee application on *Hatch*.

{¶29} Next, appellant argues the trial court erred in premising its denial of attorney fees on its conclusion that any such award would be punitive in nature. To wit, the trial court determined that "[t]he judgment granted to the Plaintiff adequately punishes the Defendants for their actions. An award of attorney fees in an amount in excess of the judgment with no evidence that Plaintiff's attorney was attempting to offset her costs as indicated in the VLSP agreement does not seem equitable." The trial court's metric for denying appellant all attorney fees is improper.

{¶30} R.C. 1345.09(F)(2) permits a court to award reasonable attorney fees limited to work reasonably performed. The trial court did not engage in an analysis of whether the fees submitted in the application were reasonable. Instead, it completely dismissed the application because awarding fees beyond the amount of liability "seems" unfair or unjust. Simply because the amount of fees requested exceeded the amount awarded in liability does not necessarily render the amount requested or some amount below the requested amount unreasonable, let alone inequitable.

{¶31} In *Bittner, supra*, the Supreme Court of Ohio held: "[w]hen awarding reasonable attorney fees pursuant to R.C. 1345.09(F)(2), the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in [former] DR 2-106(B)[, now current Prof.Cond.R. 1.5(a)]." *Bittner,* syllabus.

{¶32} The *Bittner* factors are: "the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required

8

to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent." *Id.* at 146-147. Not all factors may be applicable to every case; the trial court consequently has the discretion to determine which factors apply and the manner in which the application of the factors will affect the calculation. *Id.* at 147.

{¶33} Additionally, where claims can be separated into claims for which attorney fees are recoverable and claims for which no fees are recoverable, the trial court shall only award fees for the amount of time spent pursuing claims for which a fee may be awarded. *Id.* at 145. Here, although appellant raised RISA and TILA claims, it would appear that these claims are not distinct and separable from his CSPA claim. That is, in support of each claim, appellant alleged the same common facts relating to appellees (1) failing to credit appellant for the full amount of his down payment; (2) failing to credit appellant's account for payments; (3) charging appellant improper late fees; and (4) failing to provide appellant with an account statement/balance, even though he made numerous requests. Where claims present a common core of facts and related legal theories, it is permissible for the trial court to treat the total number of hours on all claims as reasonably expended hours. *Budner v. Lake Erie Homes*, 11th Dist. Portage No. 2000-P-0108, 2001 WL 1149547, *2 (Sept. 28, 2001), citing *Parker v. I & F Insulation Co., Inc.*, 1st Dist. Hamilton No. C-960602, 1998 WL 144510, *6 (Mar. 27, 1998).

{¶34} As discussed above, because the trial court determined, as a matter of law, appellees violated, inter alia, the CSPA, they knowingly committed an act or practice in

9

violation of the CSPA.  Appellant is therefore eligible for reasonable attorney fees.  *Hatch*, *supra*, does not apply to this case and therefore cannot be viewed as a bar to the award of reasonable attorney fees.  We therefore conclude this matter must be reversed and remanded for the trial court to consider whether attorney fees are reasonable and, if so, if the amount requested is reasonable under the standard announced in *Bittner*.

{¶35}  Appellant's assignments of error have merit.

{¶36}  For the reasons discussed in this opinion, the judgment of the Girard Municipal Court is reversed and remanded.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2022-T-0027