[Cite as *Patrick v. Patrick*, 2025-Ohio-1709.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CONNI M. PATRICK, | **CASE NO. 2024-T-0073** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas,<br>Domestic Relations Division |
| DAVID PATRICK, | |
| Defendant-Appellee. | Trial Court No. 2024 DR 00035 |

## OPINION AND JUDGMENT ENTRY

Decided: May 12, 2025
Judgment: Affirmed in part, reversed in part, and remanded

*Elise M. Burkey*, Burkey, Burkey & Scher Co., LPA, 200 Chestnut Avenue, N.E., Warren, OH 44483 (For Plaintiff-Appellant).

*Jeffrey V. Goodman*, Fowler, Goodman & O'Brien, LPA, Inc., 119 West Market Street, Warren, OH 44481, and *Mark A. DeVicchio*, 6630 Seville Drive, Canfield, OH 44406 (For Defendant-Appellee).

SCOTT LYNCH, J.

{¶1} Plaintiff-appellant, Conni M. Patrick, appeals the Decree of Divorce rendered by the Trumbull County Court of Common Pleas, Domestic Relations Division, terminating her marriage with defendant-appellee, David Patrick. As the court below failed to award Conni the marital residence as her separate property and failed to restore her former name, we affirm in part and reverse in part the judgment of the court below and remand for further proceedings consistent with this Opinion.

{¶2} On February 15, 2024, Conni filed a Complaint for Divorce against David. The matter was tried by the domestic relations court on August 5, 2024.

{¶3} On August 21, 2024, the domestic relations court issued a Decree of Divorce. The court made the following findings of fact and conclusions of law relevant to this appeal:

{¶4} The marital estate was ordered to "be listed for sale and sold at no less than fair market value", and "[a]ny proceeds and/or deficiencies [to] be shared by the parties equally." Similarly, a 2020 Harley FLHTK motorcycle was ordered to be sold at fair market value with the proceeds being divided between the parties. These conclusions were based on the following findings:

> The parties submitted testimony regarding a parcel of real estate, 222 Oak Knoll Avenue (the marital residence). This property was originally owned by the Plaintiff prior to the parties' marriage but refinanced during the marriage and co-mingled into the marital estate to pay off the parties' then existing marital debt. Parties used the proceeds of the financing to pay debts and motor vehicles and motorcycles that they owned. Mortgage documentation reflected a refinancing amount of $114,000.00. Testimony at trial placed the property value, in good condition, in the range of $118,000.00 to $130,000.00, which is consistent with the mortgage loan documentation submitted into evidence. Further testimony from the parties revealed that recent basement flooding at the property has resulted in material defects in the premises which are expected to cost $30,000.00 to repair and restore the property to marketable condition. An insurance claim has been processed which the parties testified resulted in approximately $17,000.00 in insurance proceeds, a portion of which is currently held in trust by plaintiff's counsel, leaving the actual value of the property in its current state at $101,000.00. The mortgage balance is $112,000.00. Based on the damages and lack of credible testimony as to value, the Court cannot determine [the] present value of any separate property. Throughout the pendency of these proceedings, defendant has continued to pay the mortgage balance, and other obligations of the real estate, while plaintiff occupied the marital real estate. Plaintiff testified that she recently moved out of the marital home, acquired another residence and does not wish to retain ownership of [the] marital residence. … The 2020 Harley Davidson FLHTK motorcycle titled to the Plaintiff has a value of $15,000.00.

**{¶5}** The domestic relations court, having considered "the statutory factors set forth in ORC §3105.18, particularly the short term nature of the marriage, the ability for the parties to continue their current employment and the fact the Defendant had continued to pay the mortgage on the marital residence during the pendency of this case," concluded that spousal support was "not necessary or reasonable." The following findings are relevant to its conclusion:

> The Court finds the "term of the marriage" to be February 6, 2020 to the first day of Trial, August 5, 2024.
>
> …
>
> There are no minor children born of this marriage.
>
> …
>
> Plaintiff currently is employed by Cabinet Works Group Middlefield LLC making $17.44 per hour working approximately 36 hours per week. The Court finds the Plaintiff nets $2,200.00 per month. The Defendant is employed by Cass[e]ns Transport Company as a truck driver. Court finds the Defendant grossing $106,545.00 per year which is derived from the average of the last three years of income stated on his affidavit [of] income and expenses …. The Court finds the Defendant's monthly net income to be $6,836.64. The Plaintiff has reasonable and necessary expenses of $5,000.00. The Court has made some deductions from Plaintiff's income and expense affidavit … as there was testimony that many of her expenses involved expenses not shared by her adult daughter and family living at the marital residence. The Defendant has reasonable and necessary expenses of $6,217.00 …. This amount reflects a $1,200.00 deduction for the mortgage on the marital home that will be sold and no longer a liability requiring payment.

**{¶6}** On September 20, 2024, Conni filed a Notice of Appeal. On appeal, she raises the following assignments of error:

> [1.] The trial court abused its discretion in failing to award wife her separate property, the real estate, which proceeds were traced into the motorcycle.

[2.] The trial court erred in failing to award spousal support to plaintiff[-]appellant.

[3.] The trial court erred in not restoring wife to her maiden name.

{¶7} Under the first assignment of error, Conni argues that the domestic relations court erred in its division of property by failing to award her her separate property.

{¶8} "In divorce proceedings, the court shall … determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(B). "'Marital property' means … [a]ll real and personal property that currently is owned by either or both of the spouses" and "[a]ll interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i) and (ii). In relevant part, "'[s]eparate property' means all real and personal property and any interest in real or personal property … that was acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(6)(a)(ii). "'Marital property' does not include any separate property." R.C. 3105.171(A)(3)(b).

{¶9} "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). "Traceability of an asset from its origin as a discrete, separate property to its current status is the primary means of determining whether the property is separate." (Citation omitted.) *Hatch v. Hatch*, 2019-Ohio-1414, ¶ 7 (11th Dist.).

{¶10}  "A domestic relations court's division of property in a divorce proceeding is reviewed under an abuse of discretion standard."  *Nelson v. Nelson*, 2022-Ohio-658, ¶ 41 (11th Dist.); *Cherry v. Cherry*, 66 Ohio St.2d 348 (1981), paragraph two of the syllabus ("[a] Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding").  The determination of whether particular property is marital or separate property, in contrast, is reviewed under the manifest weight of the evidence standard.  "When reviewing for manifest weight, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered."  *In re Z.C.*, 2023-Ohio-4703, ¶ 14.

{¶11}  Conni argues that it was "uncontroverted" that she owned the home prior to the marriage and that she "has traced the monies from the house into the 2020 motorcycle which should have remained hers free and clear of any claim of [her] Husband."  Brief of Plaintiff-Appellant at 6-7.  Accordingly, the motorcycle should have been awarded to her as her separate property.  David counters that, given the lack of credible testimony regarding the current value of the house and the fact that the motorcycle was purchased during the marriage, the domestic relations court properly ordered it sold and the proceeds to be divided equally.

{¶12}  We begin with the proposition that the marital residence is Conni's separate property.  The domestic relations court acknowledged as much but disposed of it as marital property as it was "refinanced during the marriage and co-mingled into the marital estate to pay off the parties' then existing marital debt."  The refinancing of the residence

Case No. 2024-T-0073

did not alter its character as Conni's separate property. "[I]t is well settled that 'the refinancing of a home after a marriage does not in any way convert separate property into marital property where the mortgage was not taken in order "to finance the purchase of the residence."'" (Citations omitted.) *Smith v. Emery-Smith*, 2010-Ohio-5302, ¶ 37 (11th Dist.); *Knop v. Knop*, 2016-Ohio-7146, ¶ 17 (11th Dist.) (the same); *Kohus v. Kohus*, 2003-Ohio-2551, ¶ 21 (12th Dist.). To the extent that the lower court held that the refinancing of the marital residence altered its character as Conni's separate property, the court erred.

{¶13} The proceeds from the refinancing of the home were marital funds. "Assets and debts incurred during the marriage are presumed to be marital unless it can be proved they are separate." (Citation omitted.) *Smith* at ¶ 45. "Marital debt includes *a loan taken for any expenditure married couples make, such as buying a car* or groceries or paying for cable television. … *The determinative factor is whether the loan was incurred during the marriage.*" *Id.*; *McKinley v. Hall*, 2024-Ohio-3100, ¶ 38 (10th Dist.) ("[m]arital debt has been defined as any debt incurred during the marriage for the joint benefit of the parties or for a valid marital purpose") (citation omitted). In the present case, the motorcycle was purchased during the course of the marriage with marital funds. Accordingly, it was marital property that the domestic relations court properly ordered sold with the proceeds to be divided between the parties.

{¶14} Although the marital residence was, and is, Conni's separate property, the domestic relations court ordered the property sold and that "[a]ny proceeds and/or deficiencies … shared by the parties equally." On the contrary, any proceeds from the sale of the property must be applied to satisfy the outstanding mortgage balance

Case No. 2024-T-0073

(approximately $112,000.00). Any proceeds remaining after the satisfaction of the mortgage properly belong to Conni.

{¶15} To the extent indicated above, the first assignment of error is with merit.

{¶16} In the second assignment of error, Conni argues the domestic relations court erred by not awarding her spousal support.

{¶17} "In divorce and legal separation proceedings …, the court of common pleas may award reasonable spousal support to either party." R.C. 3105.18(B). "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support …, the court shall consider all of the following factors: (a) The income of the parties …; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of the education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party …; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment …; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from

that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).

{¶18} "Sustenance alimony is based on need, and the trial court must have latitude to examine all the evidence before it awards an amount that is reasonable and equitable to both parties." *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 95 (1988); *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 69 (1990) ("[n]eed is '[a] relative term, the conception of which must, within reasonable limits, vary with the personal situation of the individual employing it'") (citation omitted). "In making a sustenance alimony award, the trial court must consider all the factors listed in R.C. 3105.18[C] and not base its determination upon any one of those factors taken in isolation." *Kaechele* at paragraph one of the syllabus. Decisions regarding spousal support are reviewed under an abuse of discretion standard. *Adante v. Adante*, 2024-Ohio-5371, ¶ 9 (11th Dist.).

{¶19} Conni argues the domestic relations court failed to either consider or to credit the circumstances favoring an award of spousal support such as: David's income exceeds his current expenses; she is losing her home; she will no longer have health insurance despite having health issues; and their standard of living. She notes that, in *Moore v. Moore*, 2013-Ohio-5649 (11th Dist.), this Court affirmed an award of spousal support of $20,000 for a period of twenty months "even though the disparity [in the parties' economic circumstances] was greater." Brief of Plaintiff-Appellant at 9. David counters that other factors weighed against an award of spousal support such as: Conni earning more now than during the course of the marriage and David paying the mortgage during the pendency of the proceedings.

Case No. 2024-T-0073

**{¶20}** We find no abuse of discretion in the decision to deny spousal support and that the domestic relations court duly considered the appropriate factors. It is understood that divorce may result in economic hardship for one or both parties. Thus, consideration of what is "appropriate and reasonable" with respect to spousal support necessarily includes both parties. "A key point to remember is that *the issue is not just whether it would be reasonable and appropriate for the one seeking support to receive it but also whether it would be reasonable and appropriate for the other party to have to pay it.*" *White v. White*, 2003-Ohio-3279, ¶ 32 (7th Dist.). Here, David's monthly income exceeds his monthly needs but only by about six hundred dollars – hardly a compelling amount in light of the relatively short duration of the marriage and the ability of both parties to work. Moreover, even acknowledging that there are factors that weigh in favor of awarding spousal support, it does not follow that the court abused its discretion by not doing so. "[W]hile this court may have reached a different conclusion had we been asked to decide the matter in place of the trial court, our function upon review is merely to measure the lower court's adherence to the standards of fairness, not substitute our judgment for that of the trier of fact." (Citation omitted.) *Kirkpatrick v. Kirkpatrick*, 2021-Ohio-4260, ¶ 25 (11th Dist.). It was within the court's discretion to award or deny spousal support and, under the circumstances of the present case, to deny spousal support was not an abuse of that discretion.

**{¶21}** The second assignment of error is without merit.

**{¶22}** In the third assignment of error, Conni argues that the domestic relations court erred by not restoring her maiden name.

Case No. 2024-T-0073

{¶23} "When a divorce is granted the court of common pleas shall, if the person so desires, restore any name that the person had before the marriage." R.C. 3105.16. At trial, Conni requested that her former name of Jarvis be restored. The failure of a domestic relations court to honor such a request has been held to be error. *Havrilla v. Havrilla*, 2014-Ohio-2747, ¶ 6 (9th Dist.). David concedes as much.

{¶24} The third assignment of error is with merit.

{¶25} For the foregoing reasons, the Decree of Divorce rendered by the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this Opinion. Costs to be taxed between the parties equally.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with the Opinion.

Costs to be taxed against the parties equally.

_____
JUDGE SCOTT LYNCH

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-T-0073